IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Lord Judah, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>L.M. Rodriguez, )<br>    Defendant. ) | 1:16cv265 (TSE/MSN) |

## MEMORANDUM OPINION

Lord Judah, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that defendant violated his Eighth Amendment rights. Defendant L.M. Rodriguez, a sergeant at Sussex I State Prison ("SISP") filed a Motion for Summary Judgment as well as memoranda of law with supporting exhibits. Plaintiff was given the Notice required by Local Rule 7(K) and the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a response with supporting exhibits. This matter is now ripe for disposition. For the reasons that follow, respondent's Motion for Summary Judgment must be granted in part and denied in part.

### I. Factual Background

The following facts are undisputed. On December 28, 2016, there was an altercation between two inmates at SISP. Rodriguez Aff. at Enclosure A; Verf. Compl. at ¶ 8. Plaintiff was in the shower on the top tier of his housing unit at the time of the altercation. Id.; Verf. Compl. at ¶¶ 6, 7. The emergency button was activated by the officers in the housing unit and the inmates were directed to "lie down on the ground, [and] put their palms facing up." Id. Plaintiff did not immediately comply, therefore, defendant went to the shower and directed plaintiff to get out of the shower." Id.; Verf. Compl. at ¶ 8. Plaintiff did not immediately

leave the shower and a K-9 officer was called. Id.; Verf. Compl. at ¶¶ 9, 11. Plaintiff then exited the shower and laid down on the ground. Id.; Verf. Compl. at ¶¶ 13, 15. Defendant handcuffed plaintiff, lifted him off the ground, and escorted plaintiff to the restricted housing unit. Id.; Verf. Compl. at ¶¶ 16-21. While being escorted, plaintiff hit a wall, causing him to chip his tooth. Id.; Verf. Compl. at ¶¶ 22, 23. Lieutenant Allen took plaintiff back to the shower, after which he was seen by the medical staff. Id.; Verf. Compl. at ¶¶ 32.

Plaintiff was found to have a chipped tooth, abrasion on the inside of his bottom lip, and a sprained thumb. Id.; Feb. 19, 2016 Offender Request. Plaintiff was then placed in the segregated housing unit and Officer Gayles charged plaintiff with disobeying a direct order. Id. at ¶ 6, Enclosure D. A Disciplinary Offense Report which detailed the charges against plaintiff was provided to him. Id. at Enclosure D. At a disciplinary hearing on January 12, 2016, plaintiff was found not guilty. Id. The hearing officer found that plaintiff "did not comply to [sic] the orders given he did not want to lay down on the floor in the show [sic]. He laid down outside the shower and posed no threat to security during the incident that occurred in the pod being in the top shower." Id. Plaintiff was returned to the general housing population on January 19, 2016. Id.

The disputed facts relate to how plaintiff's injuries were caused. Defendant states that, while he was escorting plaintiff, plaintiff "became aggressive, trying to jerk himself free and turn towards" defendant. Rodriguez Aff. at ¶ 5. Defendant claims that he used plaintiff's "momentum to place him against the wall in order to gain control of the situation" which was "in accordance with [defendant's] training." Id. Defendant asserts that he "used only the amount of force necessary to restrain [plaintiff] and maintain control of the situation. Had [plaintiff]

kept walking and cooperated with the escort to special housing, it would not have become necessary for [defendant] to put [plaintiff] against the wall." Id. at ¶ 10.

Plaintiff alleges in his verified complaint that he was "walk[ing] a slow pace to avoid a slip and fall" but defendant was attempting to "force [] plaintiff [] to walk a faster pace." Verf. Compl. at ¶¶ 19, 20. Plaintiff states that he almost slipped, but was able to catch himself, after which defendant "jerk[ed] [] plaintiff's arm back and then deliberately hurl[ed] him face first into a metal door." Id. at ¶ 22. Plaintiff claims that defendant "proceeded to bend [plaintiff's] left thumb back, applying pressure that nearly broke it, while at the same time thrusting his fore arm [sic] into [] plaintiff's neck with so much pressure it caused [] plaintiff to lose his bowels." Id. at ¶ 24. Plaintiff asserts that defendant released him "after Lt. Allen's third command" at which point Lt. Allen told plaintiff "it's all on camera" and escorted plaintiff back to the showers. Id. at 28-32. Plaintiff claims that he not only suffered injuries to his thumb, mouth, and teeth, but that he is also suffering from mental and emotional distress, as well as possible "life long [sic] complications with his neck." Id. at ¶ 41. Plaintiff has submitted requests for medical attention related to neck and back pain as well as psychological issues from February through May 2016.

Plaintiff has also submitted affidavits from five other inmates. The first inmate stated that he "observed [defendant] ... escorting [plaintiff]," that he "never observed [plaintiff] resisting or not complying with any officers," and that defendant "throw [sic] [plaintiff] into a metal door and pinned him there until Lt[.] Allen rushed up and instructed [defendant] to release [plaintiff]. When [plaintiff] turned around [this inmate] observed that his teeth was [sic] chipped and his mouth was bleeding." Everette Aff. The second inmate stated that, while he was lying on the ground, he

3

> observed [defendant] handcuff [plaintiff] from the back, then [he] observed [defendant] escorting [plaintiff] to the stairs. Then for no apparent reason, [he] observed [defendant] shove [plaintiff] into a metal door and keep [plaintiff's] face pinned to the door for about 90 seconds. When [plaintiff] was released [he] saw that [plaintiff's] mouth was bleeding and his teeth was [sic] chipped. At no time did [this inmate] see [plaintiff] resisting.

Robertson Aff. The third inmates stated that he saw defendant escorting plaintiff and

> at no time did [he] see [plaintiff] resisting or causing a disturbance. However, for no apparent reason, [he] observed [defendant] slam [plaintiff] face first into a metal door and then proceed to pin [plaintiff] to the door by planting his forearm in [plaintiff's] neck. After Lt. Allen ran up the stairs and instructed [defendant] to release [plaintiff, this inmate] saw [plaintiff's] teeth was [sic] chipped and his mouth was bleeding.

Whitfield Aff. The fourth inmates states that, on the date of the incident, he observed defendant "slam [plaintiff] into a metal door while [plaintiff] was already in handcuffed [sic] from the back. At no time did [this inmate] observe [plaintiff] resisting or not complying." Daniels Aff. The fifth inmate states that he observed defendant escorting plaintiff

> but before they made it to the stairway, [he] observed [defendant] spin [plaintiff] around and slam [plaintiff] face first into the metal door. [Defendant] then pinned [plaintiff] to the door by slamming his forearm into [plaintiff's] neck. [This inmate] then observed Lieutenant Allen rush up the stairs and instructed [sic] [defendant] to release [plaintiff]. At no time did [this inmate] observe [plaintiff] resisting or not complying to any command by either staff personnel. Subsequently to the assault [he] observed that [plaintiff] was bleeding from the mouth, as he complained about his tooth being chipped.

Webb Aff.

Plaintiff is alleging that defendant violated his Eighth Amendment rights by using excessive force and that defendant violated his Fourteenth Amendment right to due process.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the nonmoving party to point out the specific facts that create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita, 475 U.S. at 587.

### III. Analysis

#### A. Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving an individual of life, liberty, or property without due process of law. A prisoner's liberty interest is generally limited to being free from conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). Specifically, a prisoner has protection against the arbitrary imposition of punishment by prison officials. See Wolff v. McDonnell, 418 U.S. 539, 558 (1974). He thus has a constitutionally protected interest in the procedural due process protections of a disciplinary hearing. Prisoners have a protected liberty interest in the procedural protections provided in prison disciplinary hearings. In these hearings, an inmate's due process rights are satisfied when he receives advance notice of the charges against him, receives written findings of the outcome of the hearing, and is able to call witnesses on his behalf. Id. at 561-68. However, a prisoner "has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984).

Plaintiff was provided a Disciplinary Offense Report detailing the charges against him prior to his hearing, was present at his hearing, was given written findings of the outcome of the hearing, and has made no allegations that he was not able to call witnesses on his behalf. In addition, plaintiff was not found guilty and was only held in segregated housing for less than one month, thus there was no protected liberty interest. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (holding that "although the conditions [in administrative segregation] were more

burdensome than those imposed on the general prison population, they were not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life"). Accordingly, defendant's Motion for Summary Judgment must be granted with regards to plaintiff's Due Process claim.

### B. Excessive Force Claim

Defendant's Motion for Summary Judgment must be denied with regards to plaintiff's claim of excessive force. In determining whether a complaint states an Eighth Amendment claim that a defendant used excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." Hudson, 503 U.S. at 9.

It requires little discussion to determine that defendant is not entitled to summary judgment at this time as there remains a genuine dispute as to the events that occurred while defendant was escorting plaintiff to the restricted housing unit. Defendant's assertions show that he "used only the amount of force necessary to restrain [plaintiff] and maintain control of the situation." On the other hand, the allegations and statements provided by plaintiff establish that defendant acted with malicious intent to cause harm and the force used was not necessary for disciplinary reasons as plaintiff was compliant and defendant's actions were unprovoked. Plaintiff, as the non-moving party, has met his burden of producing "evidence . . . [that] create[s] [a] fair doubt," and not just "wholly speculative assertions." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228

(1989). Thus, the motion for summary judgment must be denied with regards to plaintiff's excessive force claim.

## IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment must be granted in part and denied in part. In addition, because defendant, the witnesses, and the records related to this matter are located at Sussex I State Prison, this matter will be transferred to the Richmond Division of the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a), for further proceedings, including to determine if plaintiff should be appointed counsel. An appropriate order shall issue.

Entered this 10th day of November 2016.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge